NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NEIL B.,
*Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.B.,
*Appellees*.

No. 1 CA-JV 18-0399
1 CA-JV 18-0426
(Consolidated)
FILED 5-16-2019

Appeal from the Superior Court in Maricopa County
No. JD24293; JS19329
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Czop Law Firm, PLLC, Higley
By Steven Czop
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee DCS*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

_____

**J O H N S E N**, Judge:

**¶1**        Neil B. ("Father") appeals the superior court's termination of his parental rights to his child ("Child"), born in 2012.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        In 2013, the superior court found Child dependent based on neglect arising from the parents' domestic violence and use of alcohol. Father thereafter received services related to substance abuse and domestic violence.  Father admitted to a psychologist he had a history of abusing alcohol.  The psychologist diagnosed Father as having "Alcohol Use Disorder" and concluded Father remained "at risk for continued substance abuse, particularly due to his history of relapse" and that his continued use of alcohol placed Child "at risk for neglect and endangerment." Nevertheless, based on evidence that Father was participating in services, the superior court dismissed the dependency in June 2014.

**¶3**        The following month, however, Father assaulted Child's mother ("Mother") in the presence of Child.  When police asked Mother if Father had struck her before, she responded, "Only when he is drinking does he hit."  Police arrested Father after another domestic violence incident against Mother in October 2015, and the resulting report again noted Child was present and Father had been drinking.  The Department of Child Safety ("DCS") then took custody of Child and filed a dependency petition.  As in 2013, the petition alleged Father and Mother neglected Child due to alcohol abuse and domestic violence.

**¶4**        In February 2016, DCS moved to change the case plan to an in-home dependency with Mother, and the superior court granted the motion.  But two months later, Father brandished a meat cleaver as he threatened to kill a neighbor of Mother's.  Again, Father had been drinking. The court then granted a motion by DCS to take Child back into its custody. During the second dependency, Father generally did not participate in the

services DCS offered him. He did, however, participate in drug testing in April through October 2016, with mostly negative tests, although he tested positive for alcohol once in August 2016 and refused to submit tests on multiple occasions. Father also received substance-abuse counseling.

¶5        Father was arrested in July 2016 and charged with assaulting Mother. According to the police report, he had been drinking and assaulted Mother because she had "refus[ed] to buy [Father] alcohol." Police arrested Father again in October 2016. On that occasion, Father had been drinking and attacked and restrained Mother from leaving their home. Ultimately, Father pled guilty to kidnapping and aggravated assault. The court imposed five years' probation and ordered Father to have no contact with Mother.

¶6        Mother, meanwhile, obtained a protective order against Father. DCS then moved to dismiss the dependency; according to the minute entry, DCS indicated "there is not a current safety risk at this time." Finding Mother had successfully engaged in services, the court dismissed the dependency and granted her temporary sole custody of Child. Noting that "Father's substance abuse continues to be an issue, as well as domestic violence," the court granted Father limited supervised parenting time.

¶7        In October 2017, Father was arrested yet again after assaulting Mother. Child, who was present at the time, told police Father had thrown a vodka bottle at Mother, and a DCS report stated Father was intoxicated during the incident. DCS then took custody of Child for a fourth time and filed another dependency petition, again alleging Mother and Father were unable to parent due to alcohol abuse and domestic violence.

¶8        Soon thereafter, DCS filed a petition to terminate both parents' rights. As to Father, the petition sought termination based on, *inter alia*, Arizona Revised Statutes ("A.R.S.") section 8-533(B)(2) and (B)(3) (2019), neglect and substance abuse, respectively.[1] During a three-day hearing, the court heard testimony from Father, Mother, the DCS case manager, and Mother's and Child's counselor. Ultimately, the superior court terminated Father's rights under both the neglect and substance-abuse grounds.

¶9        Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A) (2019),

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

12-120.21(A)(1) (2019), -2101(A)(1) (2019) and Arizona Rule of Procedure for the Juvenile Court 103(A). The superior court also severed Mother's parental rights, but that portion of the order is not at issue in this appeal.

**DISCUSSION**

**¶10** The right to custody of one's child is fundamental but not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). When DCS seeks termination of a parent-child relationship, it must prove, by clear and convincing evidence, the existence of a statutory ground under A.R.S. § 8-533(B), *Michael J.*, 196 Ariz. at 249, ¶ 12, and, by a preponderance of the evidence, that termination is in the best interests of the child, *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005). The superior court is the trier of fact in a termination proceeding, and "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009). We view the evidence and reasonable inferences drawn from the evidence in the light most favorable to sustaining the court's decision and will reverse only if no reasonable evidence supports the court's factual findings. *Jordan C.*, 223 Ariz. at 93, ¶ 18.

**¶11** Under § 8-533(B)(3), termination of parental rights may be ordered when "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of . . . alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." Additionally, DCS must show it made "reasonable efforts to reunify the family or that such efforts would have been futile," *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005), and that the parent's substance abuse "be proven not to be amenable to rehabilitative services," *id.*, ¶ 12, n.3. "Chronic" substance abuse is long lasting, but not necessarily continuous. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010). Temporary abstinence from alcohol does not generally outweigh a parent's "significant history of abuse" or "consistent inability to abstain during the case." *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016). Because "children should not be forced to wait for their parent to grow up, . . . a child's interest in permanency must prevail over a parent's uncertain battle with" substance abuse. *Id.*

**¶12** Father does not challenge the superior court's findings that DCS made reasonable efforts or that future efforts would be futile. He also does not challenge the court's finding that termination was in Child's best

interests. Instead, Father only contests the court's determination that he has a history of abusing alcohol, is unable to discharge his parental responsibilities because of his alcohol abuse and will continue abusing alcohol for a prolonged indeterminate period.

¶13 Father argues his partially successful drug testing, participation in Alcoholics Anonymous, and the superior court's decision to return Child to him after the first dependency all show he has not historically abused alcohol and will not do so in the future. Ultimately, Father's argument is merely a request to reweigh the evidence, which we will not do. *Jordan C.*, 223 Ariz. at 93, ¶ 18. The record fully supports the superior court's findings. As noted, during a psychological evaluation in 2013, Father admitted he has a history of abusing alcohol, and, after the evaluation, the psychologist diagnosed Father with "Alcohol Use Disorder" and concluded his continued use of alcohol placed Child at risk. The court heard evidence that, over the years since then, Father several times attacked or threatened people while he was under the influence of alcohol. Father nevertheless testified he does not have a problem with alcohol, he will continue to drink, and he only participated in substance-abuse services to satisfy DCS so that he could get his son back. This evidence was a sufficient basis for the court to find that Father has a history of abusing alcohol and that such abuse would continue for a prolonged indeterminate period. *See Jordan C.*, 223 Ariz. at 93, ¶ 18.

¶14 Reasonable evidence also supports the court's finding that Father is unable to discharge his parental responsibilities because of the effects his alcohol abuse has had on Child. Child witnessed Father's attack on Mother in October 2017, the event that precipitated the third dependency. At an April 2018 hearing, moreover, the DCS case manager testified that, when DCS removed Child after that incident, she heard Child say he knew whiskey was a drug and could turn a person "into a beast." Furthermore, Child's foster parents have reported Child has made comments such as "Daddy is in jail for hitting Mommy, and that Daddy and Mommy fight and [Child] ha[s] to stand between them." This evidence, along with Father's repeated alcohol-related arrests, reasonably support the court's finding that Father's alcohol abuse has created an unsafe and chaotic home environment for Child, such that Father is unable to discharge his parental duties.

## CONCLUSION

¶15 For the reasons stated above, we affirm the superior court's order terminating Father's parental rights. Because substantial evidence

supports the court's decision under A.R.S. § 8-533(B)(3), we need not address Father's arguments relating to the neglect ground for severance. *See Michael J.*, 196 Ariz. at 251, ¶ 27.

